## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA

| | | |
|---|---|---|
| JACK WOLF, Individually and On Behalf of All Others Similarly Situated, | ) ) ) | |
| Plaintiff, | ) ) | Case No. 4:19-cv-00115 |
| v. | ) ) | CLASS ACTION |
| TOTAL SYSTEM SERVICES, INC., THADDEUS ARROYO, KRISS CLONINGER III, WALTER W. DRIVER JR., SIDNEY E. HARRIS, JOIA M. JOHNSON, CONNIE D. MCDANIEL, RICHARD A. SMITH, JOHN T. TURNER, M. TROY WOODS, and GLOBAL PAYMENTS INC., | ) ) ) ) ) ) ) ) ) ) | JURY TRIAL DEMANDED |
| Defendants. | ) | |

## COMPLAINT FOR VIOLATION OF THE SECURITIES EXCHANGE ACT OF 1934

Plaintiff, by his undersigned attorneys, for this complaint against defendants, alleges upon personal knowledge with respect to himself, and upon information and belief based upon, *inter alia*, the investigation of counsel as to all other allegations herein, as follows:

## NATURE OF THE ACTION

1.      This action stems from a proposed transaction announced on May 28, 2019 (the "Proposed Transaction"), pursuant to which Total System Services, Inc. ("TSYS" or the "Company") will be acquired by Global Payments Inc. ("Global Payments").

2.      On May 27, 2019, TSYS's Board of Directors (the "Board" or "Individual Defendants") caused the Company to enter into an agreement and plan of merger (the "Merger Agreement") with Global Payments.  Pursuant to the terms of the Merger Agreement, shareholders of TSYS will receive 0.8101 shares of Global Payments common stock for each share of TSYS common stock they own.

3.       On July 3, 2019, defendants filed a Form S-4 Registration Statement (the "Registration Statement") with the United States Securities and Exchange Commission (the "SEC") in connection with the Proposed Transaction.

4.       The Registration Statement omits material information with respect to the Proposed Transaction, which renders the Registration Statement false and misleading.  Accordingly, plaintiff alleges herein that defendants violated Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "1934 Act") in connection with the Registration Statement.

## JURISDICTION AND VENUE

5.       This Court has jurisdiction over the claims asserted herein pursuant to Section 27 of the 1934 Act because the claims asserted herein arise under Sections 14(a) and 20(a) of the 1934 Act and Rule 14a-9.

6.       This Court has jurisdiction over defendants because each defendant is either a corporation that conducts business in and maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

7.       Venue is proper under 28 U.S.C. § 1391(b) because a substantial portion of the transactions and wrongs complained of herein occurred in this District.

## PARTIES

8.       Plaintiff is, and has been continuously throughout all times relevant hereto, the owner of TSYS common stock.

9.       Defendant TSYS is a Georgia corporation and maintains its principal executive offices at One TSYS Way, Columbus, Georgia 31901.  TSYS's common stock is traded on New York Stock Exchange under the ticker symbol "TSS."  TSYS is a party to the Merger Agreement.

10.     Defendant Thaddeus Arroyo is a director of the Company.

11.     Defendant Kriss Cloninger III is a director of the Company.

12.     Defendant Walter W. Driver Jr. is a director of the Company.

13.     Defendant Sidney E. Harris is a director of the Company.

14.     Defendant Joia M. Johnson is a director of the Company.

15.     Defendant Connie D. McDaniel is a director of the Company.

16.     Defendant Richard A. Smith is a director of the Company.

17.     Defendant John T. Turner is a director of the Company.

18.     Defendant M. Troy Woods is President, Chief Executive Officer, and Chairman of the Board of the Company.

19.     The defendants identified in paragraphs 10 through 18 are collectively referred to herein as the "Individual Defendants."

20.     Defendant Global Payments is a Georgia corporation and a party to the Merger Agreement.

## CLASS ACTION ALLEGATIONS

21.     Plaintiff brings this action as a class action on behalf of himself and the other public stockholders of TSYS (the "Class").  Excluded from the Class are defendants herein and any person, firm, trust, corporation, or other entity related to or affiliated with any defendant.

22.     This action is properly maintainable as a class action.

23.     The Class is so numerous that joinder of all members is impracticable.  As of May 23, 2019, there were approximately 176,967,165 shares of TSYS common stock outstanding, held by hundreds, if not thousands, of individuals and entities scattered throughout the country.

24.     Questions of law and fact are common to the Class, including, among others: (i) whether defendants violated the 1934 Act; and (ii) whether defendants will irreparably harm plaintiff and the other members of the Class if defendants' conduct complained of herein continues.

25.     Plaintiff is committed to prosecuting this action and has retained competent counsel experienced in litigation of this nature.  Plaintiff's claims are typical of the claims of the other members of the Class and plaintiff has the same interests as the other members of the Class. Accordingly, plaintiff is an adequate representative of the Class and will fairly and adequately protect the interests of the Class.

26.     The prosecution of separate actions by individual members of the Class would create the risk of inconsistent or varying adjudications that would establish incompatible standards of conduct for defendants, or adjudications that would, as a practical matter, be dispositive of the interests of individual members of the Class who are not parties to the adjudications or would substantially impair or impede those non-party Class members' ability to protect their interests.

27.     Defendants have acted, or refused to act, on grounds generally applicable to the Class as a whole, and are causing injury to the entire Class.  Therefore, final injunctive relief on behalf of the Class is appropriate.

## SUBSTANTIVE ALLEGATIONS

### Background of the Company and the Proposed Transaction

28.     TSYS is a leading global payments provider, offering seamless, secure, and innovative solutions across the payments spectrum for issuers, merchants, and consumers.

29.     The Company uses an approach called People-Centered Payments® to put people and their needs at the heart of every decision to help them unlock payment opportunities.

30.     Headquartered in Columbus, Georgia, the Company has approximately 13,000 team members and local offices across thirteen countries.

31.     On May 27, 2019, the Company's Board caused the Company to enter into the Merger Agreement.

32.     Pursuant to the terms of the Merger Agreement, shareholders of the Company will receive 0.8101 shares of Global Payments common stock for each share of TSYS common stock they own.

33.     According to the press release announcing the Proposed Transaction:

Global Payments (NYSE: GPN), a leading worldwide provider of payment technology and software solutions, and TSYS (NYSE: TSS), a leading global payments provider offering innovative solutions across the issuing, merchant and consumer segments, announced today that they have entered into a definitive agreement to combine in an all-stock merger of equals.

The transaction creates the premier payments technology company at scale in the largest and most attractive financial technology markets worldwide. Combined, Global Payments and TSYS will provide cutting edge payments and software solutions to approximately 3.5 million predominantly small to mid-sized (SMB) merchant locations and more than 1,300 financial institutions across more than 100 countries. TSYS will also substantially expand Global Payments' ecommerce and omnichannel solutions presence in the United States and provide further opportunities for meaningful multinational omnichannel market share gains. Finally, Global Payments will have exposure to some of the fastest growing digital payments trends through TSYS' issuer and consumer solutions businesses. . . .

Transaction Details

Under the terms of the merger agreement, TSYS shareholders will receive 0.8101 Global Payments shares for each share of TSYS common stock, representing an equity value for TSYS of approximately $21.5 billion. This reflects a price per share of $119.86 for each share of TSYS common stock, and an approximately 20% premium to TSYS' unaffected common share price as of the close of business on May 23, 2019.

Upon closing, Global Payments shareholders will own 52% of the combined company, and TSYS shareholders will own 48% on a fully diluted basis. The merger agreement has been unanimously approved by each company's Board of Directors.

Governance and Leadership

Upon closing, the Board of Directors of the combined company will consist of 12 members, 6 of whom will be from the Board of Directors of Global Payments and 6 of whom will be from the Board of Directors of TSYS. Troy Woods will become Chairman of the Board of Directors and Jeff Sloan will serve as Chief Executive Officer of the combined company and a Board member. Cameron Bready will become President and Chief Operating Officer of the combined company and Paul Todd will become Chief Financial Officer.

The executive leadership team will be comprised equally of individuals from Global Payments and TSYS with a demonstrated track record of leadership and innovation in payments and significant expertise in driving value creation.

The combined company will be named Global Payments and will have dual headquarters in Atlanta and Columbus, Georgia. Global Payments will conduct its issuer solutions business under the TSYS name, and NetSpend will continue to be the go-to-market name for the consumer solutions business.

Timing and Approvals

The transaction, which is expected to close in the fourth quarter of 2019, is subject to the receipt of required regulatory approvals and other customary closing conditions and the approval of shareholders of both companies. The transaction is not subject to any financing conditions.

Advisors

BofA Merrill Lynch and J.P. Morgan Securities LLC are serving as financial advisors to Global Payments and have provided committed financing. Wachtell, Lipton, Rosen & Katz is serving as legal advisor to Global Payments.

Goldman, Sachs & Co. LLC and Greenhill & Co. are serving as financial advisors to TSYS. King & Spalding LLP is serving as legal advisor to TSYS.

***The Registration Statement Omits Material Information, Rendering It False and Misleading***

34.     Defendants filed the Registration Statement with the SEC in connection with the Proposed Transaction.

35.     As set forth below, the Registration Statement omits material information with respect to the Proposed Transaction, which renders the Registration Statement false and

misleading.

36.     First, the Registration Statement omits material information regarding TSYS's and Global Payments' financial projections.

37.     With respect to TSYS's financial projections, the Registration Statement fails to disclose: (i) all line items used to calculate (a) net revenue, (b) adjusted EBITDA, (c) adjusted operating income, and (d) adjusted earnings per share; (ii) unlevered free cash flow and all underlying line items; and (iii) a reconciliation of all non-GAAP to GAAP metrics.

38.     With respect to Global Payments' financial projections, the Registration Statement fails to disclose: (i) all line items used to calculate (a) adjusted net revenue, (b) adjusted EBITDA, (c) adjusted operating income, and (d) adjusted earnings per share; (ii) unlevered free cash flow and all underlying line items; and (iii) a reconciliation of all non-GAAP to GAAP metrics.

39.     The disclosure of projected financial information is material because it provides stockholders with a basis to project the future financial performance of a company, and allows stockholders to better understand the financial analyses performed by the company's financial advisor in support of its fairness opinion.

40.     Second, the Registration Statement omits material information regarding the analyses performed by the Company's financial advisors in connection with the Proposed Transaction, Greenhill & Co. ("Greenhill") and Goldman, Sachs & Co. LLC ("Goldman").

41.     With respect to Greenhill's Discounted Cash Flow Analyses, the Registration Statement fails to disclose: (i) the stand-alone unlevered, after-tax free cash flows that TSYS was projected to generate during the years ending December 31, 2019 through December 31, 2024, and that Global Payments was projected to generate during the years ending December 31, 2019 through December 31, 2023, and all underlying line items; (ii) the terminal values for TSYS and

Global Payments; (iii) the individual inputs and assumptions underlying the discount rates and perpetuity growth rates used by Greenhill in the analyses; and (iv) the fully diluted shares of TSYS and Global Payments common stock outstanding.

42.     With respect to Greenhill's Sum of the Parts Analysis, the Registration Statement fails to disclose: (i) TSYS's cash balance and equity investments; (ii) TSYS's debt amount; and (iii) the number of fully diluted shares of TSYS common stock outstanding.

43.     With respect to Greenhill's Present Value of Future Share Price analysis, the Registration Statement fails to disclose: (i) Greenhill's basis for applying a range of forward EV to adjusted EBITDA multiples from 12.9x to 15.9x, in the case of TSYS, and 15.2x to 18.2x, in the case of Global Payments; (ii) the dividends per share projected to be paid; and (iii) the individual inputs and assumptions underlying the discount rate of 8.1% for TSYS and 7.9% for Global Payments.

44.     With respect to Greenhill's Historical Average Acquisition Premia Analysis, the Registration Statement fails to disclose: (i) the transactions observed by Greenhill in the analysis; and (ii) the premiums paid in the transactions.

45.     With respect to Greenhill's Analyst Price Targets Analysis, the Registration Statement fails to disclose: (i) the price targets observed by Greenhill in the analysis; and (ii) the sources thereof.

46.     With respect to Goldman's Illustrative Discounted Cash Flow Analysis for TSYS, the Registration Statement fails to disclose: (i) the individual inputs and assumptions underlying the discount rates ranging from 6.50% to 7.50% and the perpetuity growth rates ranging from 2.0% to 2.5%; (ii) the unlevered free cash flows to be generated by TSYS for the period from March 31, 2019 to December 31, 2024 and all underlying line items; (iii) the range of illustrative terminal

values for TSYS; (iv) net debt as used by Goldman in the analysis; and (v) the fully diluted shares of TSYS common stock outstanding.

47.     With respect to Goldman's Illustrative Present Value of Future Stock Price Analysis for TSYS, the Registration Statement fails to disclose: (i) Goldman's basis for applying illustrative one year forward price to adjusted EPS multiples of 18.0x to 20.0x; and (ii) the individual inputs and assumptions underlying the discount rate of 7.5%.

48.     With respect to Goldman's Premium Paid Analysis, the Registration Statement fails to disclose: (i) the transactions observed by Goldman in the analysis; and (ii) the premiums paid in the transactions.

49.     With respect to Goldman's Illustrative Discounted Cash Flow Analysis for Global Payments, the Registration Statement fails to disclose: (i) the individual inputs and assumptions underlying the discount rates ranging from 7.5% to 8.5% and the perpetuity growth rates ranging from 2.5% to 3.0%; (ii) the unlevered free cash flows to be generated by Global Payments for the period from March 31, 2019 to December 31, 2024 and all underlying line items; (iii)  the range of illustrative terminal values; (iv) net debt and noncontrolling interests as used by Goldman in the analysis; and (v) the fully diluted shares of Global Payments common stock outstanding.

50.     With respect to Goldman's Illustrative Discounted Cash Flow Analysis for TSYS Shares on a Pro-Forma Basis, the Registration Statement fails to disclose: (i) the individual inputs and assumptions underlying the discount rates ranging from 7.0% to 8.0% and the perpetuity growth rates ranging from 2.25% to 2.75%; (ii) the unlevered free cash flows to be generated by Global Payments on a pro-forma basis taking into account the synergies for the period from March 31, 2019 to December 31, 2024 and all underlying line items; (iii)  the range of illustrative terminal values of Global Payments on a pro-forma basis; (iv) net debt and noncontrolling interests

as used by Goldman in the analysis; and (v) the fully diluted shares of Global Payments common stock outstanding.

51.     With respect to Goldman's Illustrative Present Value of Future Stock Price Analysis for TSYS Shares on a Pro-forma Basis, the Registration Statement fails to disclose: (i) Goldman's basis for applying illustrative one year forward price to adjusted EPS multiples of 19.0x to 21.0x; and (ii) the individual inputs and assumptions underlying the discount rate of 8.5%.

52.     When a banker's endorsement of the fairness of a transaction is touted to shareholders, the valuation methods used to arrive at that opinion as well as the key inputs and range of ultimate values generated by those analyses must also be fairly disclosed.

53.     Third, the Registration Statement omits material information regarding potential conflicts of interest of Greenhill.

54.     The Registration Statement fails to disclose the timing and nature of the past services Greenhill provided to the Company.

55.     Full disclosure of investment banker compensation and all potential conflicts is required due to the central role played by investment banks in the evaluation, exploration, selection, and implementation of strategic alternatives.

56.     The omission of the above-referenced material information renders the Registration Statement false and misleading, including, *inter alia*, the following sections of the Registration Statement: (i) Background of the Merger; (ii) TSYS' Reasons for the Merger; Recommendation of TSYS' Board of Directors; (iii) Opinions of TSYS' Financial Advisors; and (iv) Certain Unaudited Prospective Financial Information.

57.     The above-referenced omitted information, if disclosed, would significantly alter the total mix of information available to the Company's stockholders.

## COUNT I

**Claim for Violation of Section 14(a) of the 1934 Act and Rule 14a-9 Promulgated Thereunder Against the Individual Defendants and TSYS**

58.     Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

59.     The Individual Defendants disseminated the false and misleading Registration Statement, which contained statements that, in violation of Section 14(a) of the 1934 Act and Rule 14a-9, in light of the circumstances under which they were made, omitted to state material facts necessary to make the statements therein not materially false or misleading. TSYS is liable as the issuer of these statements.

60.     The Registration Statement was prepared, reviewed, and/or disseminated by the Individual Defendants.  By virtue of their positions within the Company, the Individual Defendants were aware of this information and their duty to disclose this information in the Registration Statement.

61.     The Individual Defendants were at least negligent in filing the Registration Statement with these materially false and misleading statements.

62.     The omissions and false and misleading statements in the Registration Statement are material in that a reasonable stockholder will consider them important in deciding how to vote on the Proposed Transaction.  In addition, a reasonable investor will view a full and accurate disclosure as significantly altering the total mix of information made available in the Registration Statement and in other information reasonably available to stockholders.

63.     The Registration Statement is an essential link in causing plaintiff and the Company's stockholders to approve the Proposed Transaction.

64.     By reason of the foregoing, defendants violated Section 14(a) of the 1934 Act and Rule 14a-9 promulgated thereunder.

65.     Because of the false and misleading statements in the Registration Statement, plaintiff and the Class are threatened with irreparable harm.

## COUNT II

### Claim for Violation of Section 20(a) of the 1934 Act
### Against the Individual Defendants and Global Payments

66.     Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

67.     The Individual Defendants and Global Payments acted as controlling persons of SunTrust within the meaning of Section 20(a) of the 1934 Act as alleged herein.  By virtue of their positions as officers and/or directors of TSYS and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Registration Statement, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of the Company, including the content and dissemination of the various statements that plaintiff contends are false and misleading.

68.     Each of the Individual Defendants and Global Payments was provided with or had unlimited access to copies of the Registration Statement alleged by plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause them to be corrected.

69.     In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control and influence the particular transactions giving rise to the violations as alleged herein, and exercised the same.   The Registration Statement contains the unanimous recommendation of the Individual Defendants to approve the Proposed Transaction.  They were thus directly involved in the making of the Registration Statement.

70.     Global Payments also had direct supervisory control over the composition of the Registration Statement and the information disclosed therein, as well as the information that was omitted and/or misrepresented in the Registration Statement.

71.     By virtue of the foregoing, the Individual Defendants and Global Payments violated Section 20(a) of the 1934 Act.

72.     As set forth above, the Individual Defendants and Global Payments had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) of the 1934 Act and Rule 14a-9, by their acts and omissions as alleged herein.  By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the 1934 Act.  As a direct and proximate result of defendants' conduct, plaintiff and the Class are threatened with irreparable harm.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiff prays for judgment and relief as follows:

A.     Preliminarily and permanently enjoining defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction;

B.     In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages;

C.     Directing the Individual Defendants to disseminate a Registration Statement that does not contain any untrue statements of material fact and that states all material facts required in it or necessary to make the statements contained therein not misleading;

D.     Declaring that defendants violated Sections 14(a) and/or 20(a) of the 1934 Act, as well as Rule 14a-9 promulgated thereunder;

E.      Awarding plaintiff the costs of this action, including reasonable allowance for plaintiff's attorneys' and experts' fees; and

F.      Granting such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff hereby requests a trial by jury on all issues so triable.

Dated: July 18, 2019                          **FARUQI & FARUQI, LLP**

                                              By:   */s/James M. Wilson, Jr.*
**OF COUNSEL:**                                     James M. Wilson, Jr.
                                                    Ga. Bar No. 768445
**RIGRODSKY & LONG, P.A.**                          685 Third Avenue, 26th Floor
Brian D. Long                                       New York, NY 10017
Gina M. Serra                                       Tel.: (212) 983-9330
300 Delaware Avenue, Suite 1220                     Fax: (212) 983-9331
Wilmington, DE 19801                                Email: jwilson@faruqilaw.com
Tel.: (302) 295-5310
Fax: (302) 654-7530                                 *Attorneys for Plaintiff*
Email: bdl@rl-legal.com
Email: gms@rl-legal.com

**RM LAW, P.C.**
1055 Westlakes Drive, Suite 300
Berwyn, PA 19312
Tel.: (484) 324-6800
Fax: (484) 631-1305

## CERTIFICATION OF PLAINTIFF

I, Jack Wolf ("Plaintiff"), hereby declare as to the claims asserted under the federal securities laws that:

1.  Plaintiff has reviewed the complaint and authorizes its filing.

2.  Plaintiff did not purchase the security that is the subject of this action at the direction of Plaintiff's counsel or in order to participate in any private action.

3.  Plaintiff is willing to serve as a representative party on behalf of the class, either individually or as part of a group, and I will testify at deposition or trial, if necessary. I understand that this is not a claim form and that I do not need to execute this Certification to share in any recovery as a member of the class.

4.  Plaintiff's purchase and sale transactions in the Total System Services, Inc. (NYSE: TSS) security that is the subject of this action during the class period is/are as follows:

PURCHASES

| Buy Date | Shares | Price per Share |
|---|---|---|
| 9/19/18 | 100 | $97.00 |
|  |  |  |
|  |  |  |
|  |  |  |

SALES

| Sell Date | Shares | Price per Share |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |

*Please list additional transactions on separate sheet of paper, if necessary.*

5.  Plaintiff has complete authority to bring a suit to recover for investment losses on behalf of purchasers of the subject securities described herein (including Plaintiff, any co-owners, any corporations or other entities, and/or any beneficial owners).

6.     During the three years prior to the date of this Certification, Plaintiff has not moved to serve as a representative party for a class in an action filed under the federal securities laws.

7.     Plaintiff will not accept any payment for serving as a representative party on behalf of the class beyond Plaintiff's *pro rata* share of any recovery, except such reasonable costs and expenses (including lost wages) directly relating to the representation of the class as ordered or approved by the Court.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this ___ day of July, 2019.

_____
Jack Wolf